Jeremy V. Richards (CA Bar No. 102300)
Linda F. Cantor (CA Bar No. 153762)
Victoria A. Newmark (CA Bar No. 183581)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, California 90067
Telephone: 310-277-6910
Facsimile: 310-201-0760
E-mail: jrichards@pszjlaw.com
          lcantor@pszjlaw.com
          vnewmark@pszjlaw.com

Counsel for California Hispanic Commission on Drug and
Alcohol Abuse, Debtor and Debtor in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CALIFORNIA HISPANIC COMMISSION ON DRUG AND ALCOHOL ABUSE,<br><br>Debtor. | Case No.: 8:16:10424-SC<br><br>Chapter 11<br><br>**STIPULATION REGARDING TREATMENT OF SECURED CLAIMS OF WELLS FARGO BANK, NATIONAL ASSOCIATION UNDER DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN DATED NOVEMBER 2, 2016**<br><br>**No Hearing Required**<br><br>Judge: Honorable Scott C. Clarkson |

This Stipulation is entered into by and between California Hispanic Commission on Drug and Alcohol Abuse, the debtor and debtor-in-possession herein, on the one hand ("Debtor"), and Wells Fargo Bank, National Association ("Wells Fargo"), on the other hand, through their counsel of record with reference to the following:

WHEREAS, on February 2, 2016, Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code;

WHEREAS, Wells Fargo holds secured claims against the Debtor relating to (a) the Real Estate Loan and/or the Deed of Trust and Assignment of Rents and Leases recorded against the Debtor's real property located at 1322 D Street, Sacramento, CA 95814 (the "D Street Property"),

and (b) the Promissory Note and/or the Deed of Trust recorded against the Debtor's real property located at 1419 21st Street, Sacramento, California (the "21st Street Property");

**WHEREAS**, on November 2, 2016, the Debtor filed its *Second Amended Chapter 11 Disclosure Statement Dated November 2, 2016* [Dkt. No. 312] (the "Disclosure Statement") relating to the Debtor's *Second Amended Chapter 11 Plan Dated November 2, 2016* [Dkt. No. 311] (the "Plan");

**WHEREAS**, as disclosed in the Disclosure Statement, the Plan provides for the sale of the D Street Property and the 21st Street Property, and the payment to Wells Fargo of all principal, accrued interest at the pre-default rate, prepayment fees and other amounts due under Wells Fargo's loan documents from the net proceeds of sale, provided that Wells Fargo shall not be entitled to or paid its attorneys' fees incurred during the Debtor's chapter 11 case ('the "Case");[1]

**WHEREAS**, the Plan further provides that Wells Fargo shall retain its liens on the D Street Property and the 21st Street Property until Wells Fargo is paid in accordance with the foregoing;[2]

**WHEREAS**, Wells Fargo believes that by the retention of its liens against the D Street Property and the 21st Street Property, Wells Fargo retains all rights and remedies under its loan documents including without limitation rights upon a payment default and right to attorneys' fees after the Plan becomes effective (the "Effective Date");

**WHEREAS**, the Debtor concurs that the retention of Wells Fargo's liens against the D Street Property and the 21st Street Property includes, without limitation, the retention by Wells Fargo of all rights and remedies under its loan documents, rights upon a payment default and Wells Fargo's right to seek attorneys' fees after the Effective Date;

**WHEREAS**, for the avoidance of doubt and to eliminate unnecessary Plan objections, Wells Fargo has requested and the Debtor has agreed to memorialize and specify the retention by Wells Fargo of its rights and remedies in the event of a default under its loan documents and rights after the Effective Date:

**NOW, THEREFORE, IT IS STIPULATED** by the undersigned parties as follows:

---

[1] Disclosure Statement at Attachment A, Section I.B.2 and 3; Plan at Exhibit A, Class 2 – Other Secured Claims.
[2] Plan at Exhibit A, Class 2 – Other Secured Claims.

DOCS_LA:302157.1 12548/001                2

1. Upon the closing of sale of each of the D Street Property and the 21st Street Property, Wells Fargo will be paid all principal, accrued interest at the pre-default rate, prepayment fees, and other amounts due under its loan documents from the net proceeds of such sales; provided Wells Fargo shall not be entitled to or paid its attorneys' fees for any work done through the earlier of the Effective Date or January 31, 2017.

2. If the D Street Property has not already been sold as of the Plan Effective Date, Wells Fargo shall retain its lien on the D Street Property and all rights under the loan documents for its secured claim, and the Debtor will make all payments required under said loan documents and fully comply with the loan documents, all until Wells Fargo is paid in accordance with the forgoing from the sale of the D Street Property.

3. If the 21st Street Property has not already been sold as of the Plan Effective Date, Wells Fargo shall retain its lien on the 21st Street Property and all rights under the loan documents for its secured claim, and the Debtor will make all payments required under said loan documents and fully comply with the loan documents, all until Wells Fargo is paid in accordance with the forgoing from the sale of the 21st Street Property.

4. If there is any default under the D Street Property loan documents or the 21st Street Property loan documents, as modified by the Plan, then Wells Fargo will be required to comply with Article IV E. (Material Default Defined) of the Plan with the following changes. After Wells Fargo mails two of the required 21 day notices, then Wells Fargo will not be required to wait 14 days or mail any more 21 day notices, and the Debtor or the Reorganized Debtor, as the case may be, will immediately be in default if the Debtor or the Reorganized Debtor fails to make any payment when due at any time or there is an event of default under the loan documents, and Wells Fargo will be entitled to exercise all of its rights and remedies under the loan documents including without limitation imposing the default rate of interest and recovering all amounts owed including without limitation principal, interest, late charges, prepayment fees and attorneys' fees including those incurred before any such default.

5. This Stipulation will survive confirmation of the Plan and will be deemed incorporated into the Plan.

6. This Stipulation may be signed in counterpart originals, which, when fully executed, shall constitute a single original. Any signature delivered by a party by email or facsimile transmission shall be deemed an original signature hereto.

7. The Court shall retain jurisdiction to hear all disputes arising from this Stipulation.

Dated: November 7, 2016

Dated: November 7, 2016

California Hispanic Commission on Drug and Alcohol Abuse

Wells Fargo Bank, National Association

By: /s/ Linda F. Cantor
Linda F. Cantor, Esq.
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd.
Suite 1300
Los Angeles, CA 90067
Tel: (310) 277-6910
Fax: (310) 201-0760

Attorneys for the Debtor and Debtor-in-Possession

By: [signature]
John H. Wunsch, Esq.
Office of the General Counsel
Wells Fargo & Company
21680 Gateway Center Drive
Suite 280
Diamond Bar, CA 91765-2435
Tel: (626)-935-9465
Fax: (909) 861-9253

Attorneys for Wells Fargo Bank, National Association

DOCS_LA:302157.1 12548/001                4