Linda F. Cantor (CA Bar No. 153762)
James K. T. Hunter (CA Bar No. 73369)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail: lcantor@pszjlaw.com
          jhunter@pszjlaw.com

Attorneys for California Hispanic Commission On Alcohol
and Drug Abuse, Inc.

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>CALIFORNIA HISPANIC COMMISSION ON ALCOHOL AND DRUG ABUSE, INC.,<br><br>Debtor. | Case No.: 16-10424-SC<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 CASE; DECLARATION OF JAMES HERNANDEZ IN SUPPORT THEREOF**<br><br>[No Hearing Required per Local Bankruptcy Rules 3022-1(a) and 9013-1(o)]<br><br>Judge: Honorable Scott C. Clarkson |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE LITIGATION TRUSTEE, PARTIES THAT HAVE FILED REQUESTS FOR SPECIAL NOTICE AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that California Hispanic Commission on Alcohol and Drug Abuse, Inc., the reorganized debtor herein ("CHCADA" or the "Reorganized Debtor"), hereby moves this Court (the "Motion") for entry of a final decree closing its chapter 11 case (the "Case"). The Motion is made pursuant to section 350 of title 11 of the United States Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 3022 ("Bankruptcy Rule 3022") and Local Bankruptcy Rule 3022-1(a) on the grounds that (i) CHCADA's chapter 11 plan, confirmed by Order of the Bankruptcy Court dated July 31, 2017, has been effectuated; (ii) there are no pending adversary proceedings or contested matters, and (iii) the Litigation Trustee has

performed all of his obligations under the Plan and under the Litigation Trust Agreement and Declaration of Trust. Thus, closure of the Case is appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of James Hernandez, and the entire record of this Case, of which the Reorganized Debtor requests that the Court take judicial notice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(o)(1), any interested party opposing the relief requested in this Motion must file a written response and a request for hearing with the Bankruptcy Court and serve a copy of it upon the moving party and the United States Trustee, within fourteen (14) days after the date of service of this Notice. The response must include a complete written statement of all reasons in opposition to the Motion, as well as declarations and copies of all documentary evidence on which the responding party intends to rely and any responding memorandum of points and authorities. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve a written opposition may be deemed by the Court to be consent to the granting of the relief requested in the Motion.

**WHEREFORE**, for all the foregoing reasons, the Reorganized Debtor respectfully requests that this Court enter an order (a) authorizing the entry of a Final Decree closing this Case pursuant to Section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, and (b) granting such other and further relief as is just and appropriate.

Dated: October 25, 2019                PACHULSKI STANG ZIEHL & JONES LLP

By /s/ Linda F. Cantor
   Linda F. Cantor
   Attorneys for California Hispanic Commission
   On Alcohol and Drug Abuse, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

California Hispanic Commission on Alcohol and Drug Abuse, Inc., the Reorganized Debtor herein, files this Motion for entry of a final decree closing the above-captioned bankruptcy Case. This Motion is made pursuant to section 350 of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Bankruptcy Rule 3022-1(a), upon notice and an opportunity to object pursuant to Local Bankruptcy Rule 9013-1(o). The grounds for the Motion are that CHCADA's chapter 11 plan has been consummated, there are no further matters or proceedings pending or anticipated requiring that the Case remain open, and the Litigation Trustee has performed his obligations under the chapter 11 plan in accordance with the terms of the Litigation Trust Agreement and Declaration of Trust. Concurrently upon closure of the Case, the Litigation Trust will make its first and final distribution to creditors holding allowed claims, in accordance with the terms of CHCADA's plan.

## II.

## STATEMENT OF FACTS

### A. General Background

On February 2, 2016, CHCADA filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").

On November 2, 2016, the Debtor filed its *Second Amended Chapter 11 Plan Dated November 2, 2016* (the "Plan") [Docket No. 321].[1] The Plan was confirmed by order of this Court dated July 31, 2017 [Docket No. 444] (the "Confirmation Order"). The Plan became effective on July 31, 2017 (the "Effective Date").

### B. Implementation of the Plan

The Plan generally provides for (1) the sale of the Debtor's real property located at 1419 21st Street, Sacramento, California (the "Sacramento Property") to pay off Wells Fargo Bank's secured claims and certain allowed Administrative Claims, (2) the creation and funding of a Litigation Trust (using cash on hand, real property sale proceeds and the assignment of certain contract cost

---

[1] All Plan terms not otherwise defined herein shall have the same meaning as those ascribed in the Plan.

DOCS_LA:325273.1 12548/001                   3

settlements) to be administered by the Litigation Trustee, (3) the assignment of all estate claims and causes of action, including avoidance actions, to the Litigation Trust for administration by the Litigation Trustee for the benefit of creditors holding allowed claims, (4) the administration of claims against the Debtor's estate by the Litigation Trustee, and (5) the continued operation of the Debtor's business post-confirmation.[2]

The Litigation Trust was established on or about the Effective Date pursuant to the terms of the Litigation Trust Agreement and Declaration of Trust, with Thomas H. Casey serving as Litigation Trustee. The assets assigned to the Litigation Trust as of the Effective Date were (a) $100,000, (b) causes of action against Drive Right Interlock Systems, Drager Safety Diagnostics and Long Term Care Properties, (c) potential avoidance actions for unauthorized post-petition transfers, and (d) potential claims, avoidance actions and other causes of action against the Debtor's directors and officers and the Debtor's D&O Policy. Following the close of sale of the Sacramento Property on June 5, 2018, the Litigation Trust received an additional funding in the amount of $153,835.47 from the sale proceeds.[3]

The Litigation Trustee, with the assistance of counsel approved by the Court, investigated claims and causes of action held by the Debtor's estate. The Litigation Trustee resolved the two adversary proceedings that were pending in the Case on the Effective Date: (i) a non-dischargeability action filed by the County of Orange against the Debtor (Adv. Proc. No. 8:17-ap-01053-SC) (the "Orange County Litigation"); and (ii) an avoidance action filed by the Debtor to recover an alleged voidable post-petition transfer against Long Term Care Properties (Adv. Proc. No. 8:17-ap-01025-SC) (the "LTC Litigation").[4] The deadline to file avoidance actions passed on February 1, 2018, and no additional claims or causes of action were pursued by the Litigation Trust. The Litigation Trustee reviewed claims and filed motions objecting to certain claims and requesting their disallowance or reduction (the "Claim Motions"). All Claim Motions have now been resolved.[5]

---

[2] The foregoing is a general summary of the Plan only and in all events, the terms of the Plan control.
[3] See *Fourth Post-Confirmation Status Report* [Dkt. No. 729] filed by the Litigation Trustee July 11, 2019, and other post confirmation reports filed in the Case.
[4] See *Stipulation for Entry of Judgment* [Dkt. No. 17 in the Orange County Litigation] and *Order on Stipulation to Resolve and Dismiss Adversary Proceeding* [Dkt. No. 26 in the LTC Litigation].
[5] Fourth Post-Confirmation Status Report at pages 2-3.

DOCS_LA:325273.1 12548/001            4

The Reorganized Debtor has continued to operate its business, file quarterly operating reports and pay quarterly fees to the Office of the United States Trustee.[6] The only remaining asset to be administered is cash in the Litigation Trust and upon closing of the case, the Litigation Trust will make a first and final distribution to holders of allowed claims pursuant to the terms of the Plan.

## III.

## ARGUMENT

**A.   The Court May Close The Case When The Estate Is Fully Administered**

Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered . . . the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 implements section 350(a) of the Bankruptcy Code in the context of chapter 11 reorganizations: "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

**B.   The Estate Has Been Fully Administered**

The term "fully administered" is not defined in the Bankruptcy Code, however, the Advisory Committee Note to Bankruptcy Rule 3022 lists the following six factors for a court to consider when making the determination of whether an estate has been fully administered:

1. whether the order confirming the plan has become final;
2. whether deposits required by the plan have been distributed;
3. whether the property proposed by the plan to be transferred has been transferred;
4. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
5. whether payments under the plan have commenced; and
6. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 Advisory Committee Note (1991).

In this instance, the applicable factors have been satisfied. Specifically:

- Factor 1: The Plan has been confirmed and the Confirmation Order is a final order.

---

[6] Hernandez Declaration at para 4.

DOCS_LA:325273.1 12548/001                                     5

- Factors 2: No deposits were required by the Plan.

- Factor 3: All property proposed by the Plan to be transferred to the Litigation Trust has been transferred.[7]

- Factor 4: The property transferred to the Litigation Trust has been administered by the Litigation Trustee. The remaining property of the estate vested in the Reorganized Debtor, as specified in the Plan, and the Reorganized Debtor assumed management of the property dealt with by the Plan.

- Factor 5: Payments under the Plan have commenced. The Reorganized Debtor paid the Allowed Administrative Claim of its legal counsel in accordance with the terms of their agreement. The Secured Claim of Wells Fargo Bank was paid upon the closing of sale of the Sacramento Property. Upon information and belief, the Litigation Trustee will make a first and final distribution to holders of Allowed General Unsecured Claims concurrently with the closing of the Case.

- Factor 6: There are no pending motions, contested matters or adversary proceedings in this Case.

## C.  The Court Retains Jurisdiction after the Entry of the Final Decree Closing of the Case

In addition to the Plan imparting the Court with post-confirmation jurisdiction, the United States Court of Appeals for the Ninth Circuit has held that a bankruptcy court has post-confirmation jurisdiction if a matter has a close nexus to the bankruptcy plan or proceeding. Matters affecting the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus. *See State of Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1194 (9th Cir. 2005).

## D.  Payment of Quarterly OUST Fees

The Reorganized Debtor has filed all reports and has paid all United States Trustee fees due and owing through the third quarter of 2019.[8] As such, the Case is fully administered. The

---

[7] Although contract cost settlements were assigned to the Litigation Trust, none were received by the Reorganized Debtor. See attached Declaration of James Hernandez (the "Hernandez Declaration").

[8] Hernandez Declaration at para 4. To the extent that any further fees are owing, the Reorganized Debtor will tender such fees to the Office of the United States Trustee. *Id.*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Reorganized Debtor, therefore, submits that the requirements to obtain a final decree closing the Case have been met.

## IV.

## CONCLUSION

For all of the foregoing reasons and as set forth in the attached Declaration of James Hernandez, the Reorganized Debtor respectfully requests that the Court grant the Motion and issue an order (a) authorizing the entry of a Final Decree closing this Case pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022, and (b) granting such further and other relief that is just and proper under the circumstances.

Dated:  October 25, 2019                    PACHULSKI STANG ZIEHL & JONES LLP

By:  */s/ Linda F. Cantor*
     Linda F. Cantor
     Attorneys for California Hispanic
     Commission On Alcohol and Drug Abuse,
     Inc., the Reorganized Debtor

## **DECLARATION OF JAMES HERNANDEZ**

I, James Hernandez, declare:

1. I am the Executive Director of the Reorganized Debtor California Hispanic Commission on Drug and Alcohol Abuse, Inc. ("CHCADA" or the "Reorganized Debtor"). I make this declaration in support of the *Motion for Entry of Final Decree Closing Chapter 11 Case* (the "Motion"). Capitalized terms not otherwise defined in this Declaration have the meanings given them in the Motion.

2. Except as otherwise stated, all facts contained within this Declaration are based upon personal knowledge (my own or that gathered from my professionals and others that work under my supervision relating to the Reorganized Debtor) or my review of relevant documents. If called upon to testify, I would testify to the facts set forth in this Declaration.

3. The Plan generally provides for (1) the sale of the Debtor's real property located at 1419 21st Street, Sacramento, California to pay off Wells Fargo Bank's secured claims and certain allowed Administrative Claims, (2) the creation and funding of a Litigation Trust (using cash on hand, real property sale proceeds and the assignment of certain contract cost settlements) to be administered by the Litigation Trustee, (3) the assignment of all claims and causes of action, including avoidance actions, held by the Debtor to the Litigation Trust for administration by the Litigation Trustee for the benefit of creditors holding allowed claims, (4) the administration of claims against the Debtor's estate by the Litigation Trust, and (5) the continued operation of the Debtor's business post-confirmation.[9]

4. In accordance with the Plan, the Reorganized Debtor has continued to operate its business, file quarterly operating reports and pay quarterly fees to the Office of the United States Trustee. The Reorganized Debtor prepared and submitted its most recent Post-Confirmation Status Report for the Quarter ending September 30, 2019, and mailed in a payment to the Office of the United State Trustee in the amount of $16,239.98 on October 11, 2019. To the extent that any additional fees are owing, I will cause the Reorganized Debtor to tender such fees to the Office of the United States Trustee.

---

[9] Although cost settlements were assigned to be assigned to the Litigation Trust under the Plan, none were received by CHCADA.

5. I caused the Reorganized Debtor to pay a portion of the Allowed Administrative Claim of bankruptcy counsel from cash on the Effective Date, pursuant to the agreement with counsel, and an additional amount upon closing of the Sacramento Property. The Secured Claim of Wells Fargo Bank was paid upon the closing of sale of the Sacramento Property and I caused the Reorganized Debtor to fund the Litigation Trust in the amounts set forth in the Motion. I am informed and believe that concurrently upon closure of the Case, the Litigation Trust will make its first and final distribution to creditors holding allowed claims, in accordance with the terms of the Plan.

6. I understand that the legal requirements for closure of the Case have been met, as set forth in the Motion, and therefore granting of the Motion is appropriate. Moreover, closing the Case at this time will lessen the financial burden on the Reorganized Debtor, which is a not-for-profit entity.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 25 day of October, 2019, at Sacramento, California.

_____
JAMES HERNANDEZ

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067**

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 CASE; DECLARATION OF JAMES HERNANDEZ IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 25, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **October 25, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 25, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Federal Express*
Honorable Scott C. Clarkson
U.S. Bankruptcy Court - Central District of California - Santa Ana Division
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 25, 2019 | Janice G. Washington | /s/ Janice G. Washington |
|---|---|---|
| Date | Printed Name | Signature |

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Bert Briones on behalf of Interested Party Bert Briones
ecfmailonly@gmail.com,
bb@redhilllawgroup.com

Thomas H Casey (TR)
msilva@tomcaseylaw.com,
thc@trustesolutions.net

Alberto J Campain on behalf of Creditor 2309 Daly Street, Inc.
campain@ecofflaw.com, kay@ecofflaw.com

Linda F Cantor, ESQ on behalf of Debtor California Hispanic Commission on Drug and Alcohol Abuse
lcantor@pszjlaw.com, lcantor@pszjlaw.com

Andy J Epstein on behalf of Interested Party Andy Epstein
taxcpaesq@gmail.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Randall P Mroczynski on behalf of Creditor Ford Motor Credit Company LLC
randym@cookseylaw.com

Randall P Mroczynski on behalf of Interested Party Courtesy NEF
randym@cookseylaw.com

Victoria Newmark on behalf of Debtor California Hispanic Commission on Drug and Alcohol Abuse
vnewmark@pszjlaw.com

R G Pagter, Jr. on behalf of Creditor Long Term Care Properties, Inc.
gibson@ppilawyers.com,
ecf@ppilawyers.com

R G Pagter, Jr. on behalf of Interested Party Courtesy NEF
gibson@ppilawyers.com,
ecf@ppilawyers.com

Dean G Rallis, Jr on behalf of Interested Party Dean G. Rallis Jr.
drallis@afrct.com,
msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com

Michael R Totaro on behalf of Debtor California Hispanic Commission on Drug and Alcohol Abuse
Ocbkatty@aol.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

John H Wunsch on behalf of Creditor Wells Fargo Bank, National Association
bankruptcycls@wellsfargo.com,
wunschjh@wellsfargo.com

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

DOCS_LA:325273.1 12548/001

**2. TO BE SERVED BY THE COURT VIA UNITED STATES MAIL:**

*Office of U.S. Trustee*
Nancy Goldenberg
411 West Fourth Street
Suite 7160
Santa Ana, CA 92701-8000

Office of the U.S. Trustee – LA
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017-3560

*Debtor*
California Hispanic Commission on Drug and Alcohol Abuse
1419 21st Street
Sacramento, CA 95811-5208

SEC
Los Angeles Regional Office
Michele Wein Layne
Regional Director
444 South Flower Street, Suite 900
Los Angeles, CA 90071

*Counsel to Thomas H. Casey,*
*Litigation Trustee*
Jeffrey K. Garfinkle
Mirco J. Haag
Buchalter
A Professional Corporation
18400 Von Karman Avenue
Suite 800
Irvine, California 92612-1121

Turton Commercial Real
2409 L Street, Ste. 200
Sacramento, CA 95816-5025

Office of the Attorney General of CA
1300 I Street
Sacramento, CA 95814-2963

Totaro & Shanahan
P.O. Box 789
Pacific Palisades, CA 90272-0789

*Attorneys for California Physicians' Service,*
*dba Blue Shield of California*
Michael B. Reynolds
Snell & Wilmer L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689

*Counsel for Long Term Care Properties, Inc.*
R. GIBSON PAGTER, JR., PAGTER AND PERRY ISAACSON
525 N Cabrillo Park Dr, Suite 104
Santa Ana, California 92701

*Request for Special Notice*
John H. Wunsch (SBN 133853)
Office of the General Counsel
Wells Fargo & Company
21680 Gateway Center Drive, Suite 280
Diamond Bar, California 91765-2435

Office of County Counsel
Attn.: James C. Harman, Assistant
333 West Santa Ana Boulevard, Suite 407
Post Office Box 1379
Santa Ana, CA 92702-1379

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| **20 Largest Unsecured Claims**<br>Long Term Care Properties<br>7 Corporate Plaza<br>Newport Beach, CA 92660 | INTERNAL REVENUE SERVICE<br>P.O. BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| Lilia (Lily) Ojanco-Bracco<br>216 Gainsborough Circle<br>Folsom, CA 95630-1811 | Alliance Member Services<br>P.O. Box 49050<br>San Jose, CA 95161-9050 |
| Blue Shield of California<br>Attn: Nora Galicia<br>4203 Town Center Drive<br>El Dorado Hills, CA 95762-7100 | PACIFIC COAST HOLDING INVEST<br>6800 INDIANA AVE., #130<br>Riverside, CA 92506-4266 |
| American Express<br>P.O. Box 0001<br>Los Angeles, CA 90096-8000 | COVERALL NORTH AMERICA, INC.<br>2955 MOMENTUM PLACE<br>CHICAGO, IL 60689-5329 |
| NON PROFIT UNITED WORKERS COMP<br>610 FULTON AVE., STE 200<br>SACRAMENTO, CA 95825-4867 | PACIFIC RIM PRINTER AND MAILER<br>5760 HANNUM AVENUE<br>CULVER CITY, CA 90230-6501 |
| Lewitt, Hackman, Shapiro,<br>  Marshall & Harlan<br>16633 Ventura Boulevard, Suite 1100<br>Encino, CA 91436-1801 | Law Offices of Emilio J. Huerta<br>P.O. Box 2244<br>Bakersfield, CA 93303 |
| Sierra Inn<br>1171 N. Durfee Avenue<br>S. El Monte, CA 91733 | |
| HOME DEPOT CREDIT SERVICES<br>DEPT. 32-2149092011<br>P.O. BOX 183175<br>COLUMBUS, OH 43218-3175 | |
| Home Depot Credit Services<br>P.O. Box 183175<br>Dept. 32-2149092011<br>Columbus, OH 43218-3175 | |
| Pasada (Pasadena) Hotel<br>3625 E. Colorado Blvd.<br>Pasadena, CA 91107 | |
| CLINIVATE<br>115 CALIFORNIA BLVD., SUITE 156<br>PASADENA, CA 91105-3005 | |
| Premier Access Insurance Co.<br>Dept. #34114<br>P.O. Box 39000<br>San Francisco, CA 94139 | |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

DOCS_LA:325273.1 12548/001