JEFFREY K. GARFINKLE (SBN: 153496)
MIRCO J. HAAG (SBN: 316111)
BUCHALTER
A Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Email: jgarfinkle@buchalter.com
          mhaag@buchalter.com

Attorneys for Thomas H. Casey, Litigation Trustee of Litigation Trust for California Hispanic Commission on Alcohol and Drug Abuse, Reorganized Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:16-bk-10424-SC |
| CALIFORNIA HISPANIC COMMISSION ON ALCOHOL AND DRUG ABUSE, | Chapter 11 |
| Debtor. | **MOTION OF THE LITIGATION TRUSTEE TO (1) APPROVE FIRST AND FINAL DISTRIBUTION TO HOLDERS OF ALLOWED UNSECURED CLAIMS AND (2) REQUEST FOR COMPENSATION FOR LITIGATION TRUSTEE THOMAS H. CASEY FOR THE TIME PERIOD OF APRIL 1, 2019 THROUGH OCTOBER 31, 2019, COUNSEL FOR LITIGATION TRUSTEE BUCHALTER FOR THE TIME PERIOD OF APRIL 1, 2019 THROUGH OCTOBER 31, 2019, AND ESTIMATED ACCOUNTANT FEES** |
| | [No Hearing Required per Local Bankruptcy Rule 9013-1(o)(1)] |
| | Judge:    Hon. Scott C. Clarkson |

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 38263707v2

1

MOTION TO (1) APPROVE DISTRIBUTION TO HOLDERS OF ALLOWED UNSECURED CLAIMS
AND (2) REQUEST FEES AND COSTS: CASE NO. 8:16-BK-10424-SC

1     Thomas H. Casey, Litigation Trustee of the Litigation Trust for the Reorganized Debtor

2 California Hispanic Commission on Alcohol and Drug Abuse ("Litigation Trustee" for the

3 "Debtor"), hereby moves the Court to approve the first and final distribution to holders of allowed

4 unsecured claims and to approve the request for compensation (the "Motion"), and respectfully

5 represents as follows:

6     **I.    PROCEDURAL BACKGROUND**

7     On July 31, 2017, this Court entered the Order Confirming the Plan (the "Confirmation

8 Order"). [Docket No. 444.]  The Effective Date of the Plan was July 31, 2017.  Under the Plan, a

9 litigation trust ("Litigation Trust") was created for the purpose of collecting and liquidating assets

10 of the Debtor for the benefit of the Debtor's creditors.  Buchalter, P.C. ("Buchalter") was approved

11 as general bankruptcy counsel to the Litigation Trustee by this Court's order. [Docket No. 467.]

12 By means of this Motion the Litigation Trustee seeks approval of and authorization to make the

13 final distributions to creditors that resulted from his diligent performance of his duties to achieve

14 the Litigation Trust's objectives.   The amount projected to be distributed to each creditor is

15 delineated in the attachments to the separately filed Declaration of Thomas H. Casey ("Casey

16 Declaration").

17     **II.    THE PROPOSED DISTRIBUTION IS FAIR AND EQUITABLE**

18     The Litigation Trust was "established for the purpose of collecting, holding, administering,

19 distributing, and liquidating" certain of the Debtor's assets and "to make distributions" to holders

20 of general unsecured claims entitled to receive distributions. [Docket No. 331 at 4.]  Among the

21 duties of the Litigation Trustee, and except for the claim filed by Genesis Title Holding

22 Corporation, is to determine which scheduled and filed claims are to be objected to, whether

23 objections to scheduled claims and proofs of claims were to be pursued, if such claims were to be

24 paid, reduced, or otherwise contested as contingent, unliquidated or disputed, or the subject of

25 pending or forthcoming litigation.

26     In order to be able to achieve that objective, the Litigation Trustee analyzed each of the

27 claims (both scheduled and filed) and participated in litigation achieve reductions or denials of a

28 number of those claims.   In total, the Litigation Trustee filed over 60 claim objections and

BN 38263707v2   2
BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE
**MOTION TO (1) APPROVE DISTRIBUTION TO HOLDERS OF ALLOWED UNSECURED CLAIMS
AND (2) REQUEST FEES AND COSTS: CASE NO. 8:16-BK-10424-SC**

1  requesting their disallowance or reduction (the "Claim Objections").  All of the Claim Objections

2  have been resolved and the Court has entered orders disallowing or modifying challenged claims.

3      While the Litigation Trust was in existence, the Debtor and the Litigation Trustee resolved

4  a non-dischargeability action against the Debtor (Adv. Pro. No. 8:17-ap-01053-SC).  The Debtor

5  and the County of Orange reached a resolution that includes the County of Orange holding an

6  allowed general non-priority unsecured claim in the amount of $353,946.49. The Court approved

7  of this compromise and the case was terminated on February 21, 2018.

8      Finally, the Debtor commenced an adversary proceeding against Long Term Care Properties

9  ("LTCP") prior to the Litigation Trustee's appointment to recover $166,000 in allegedly voidable

10  transfers (Adv. Pro. No. 8:17-ap-01025-SC).  The Debtor and LTCP reached a resolution which

11  includes the Litigation Trustee stipulating that LTCP holds an allowed general non-priority

12  unsecured claim in the amount of $3,811,013.46.  On November 13, 2018, the Court approved this

13  compromise.

14      As a result of efforts to determine the holders of allowed claims and the amounts of their

15  claims through the claim review and objection process, the Litigation Trustee has compiled a list

16  of allowed unsecured claims entitled "Claims Proposed Distribution" that accurately reflects the

17  claims upon which the Final Distribution must be based.  Casey Declaration at ¶ 5.  That Claims

18  Proposed Distribution List, which is organized alphabetically in order to permit claimants to readily

19  determine the claim amount upon which each distribution is to be based, is attached to the Casey

20  Declaration as Exhibit 1.

21      In addition to the claims on the Claims Proposed Distribution List, the Litigation Trust will

22  pay fees and costs for the Litigation Trustee and Buchalter, as well as the fees and costs for the

23  Litigation Trustee's proposed accountant Hahn Fife & Co., LLP ("Hahn Fife")[1].  While these fees

24  are estimated and will accrue as the Litigation Trustee administers this case, a reasonable estimate

25  of expected fees has been reserved.  The Claims Proposed Distribution List demonstrates that, after

26  reserving for the payment of estimated fees and costs that remain to be paid by the Litigation Trust

27  to obtain the final decree required by the Plan, there remains approximately $132,150.41 available

28

[1] The Hahn Fife will file an employment application with this Court.

BN 38263707v2
3

for distribution to general unsecured creditors.  The amount of the proposed final distribution to each unsecured creditor demonstrated on the Claims Proposed Distribution List was determined on a pro rata basis by dividing the $132,150.41 distribution amount by the aggregate amount of unsecured claims ($5,361,467.96) and multiplying that resulting percentage distribution (2.46%) by the amount of each unsecured creditor's allowed unsecured claim.  Casey Declaration at ¶ 7.

In order to further assist claimants in the determination of the proposed treatment of their claims, the Trustee also compiled a list of disallowed claims entitled "Creditor Non-Payment Schedule" that demonstrates each of the claims that were disallowed.  The Creditor Non-Payment Schedule, which is also organized alphabetically to permit any noticed party to readily ascertain that they are not to receive a distribution based upon these disallowed claims, is attached to the Casey Declaration as Exhibit 2.

There remain variables that could slightly impact the ultimate distribution to general unsecured creditors, such as a variance in the reserved costs for professionals associated with the process of obtaining a final decree closing the Debtor's case.  For example, the Litigation Trustee is engaging professionals to prepare a final tax return.  As a result of these presently unforeseeable circumstances, this Motion seeks approval to make a distribution in an amount within a range of 2.00% to 2.46% on allowed general unsecured claims.

To ensure that each unsecured creditor is provided one final opportunity to review the distribution schedule, this Motion provides each creditor (as well as each party that may have had its alleged claim disallowed) a final opportunity to object to the proposed treatment and either seek to resolve any differences directly with the Litigation Trustee or file an objection with this Court for resolution at the hearing on the Motion.  In order to achieve that objective a Notice of Motion will be served upon all creditors in the Debtor's case.

Bankruptcy courts may, after the filing of a motion with or without notice to the creditors, approve a compromise or settlement. Fed. R. Bankr. P. 9019(a), LBR 9013-1(o). In reviewing a proposed settlement or compromise (e.g., a distribution and payment of allowed claims), the Court must determine that (1) it is "fair and equitable," *Protective Comm. for Ind. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88S. Ct. 1157, 1163 (1968), and (2) in the best

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

BN 38263707v2                                    4
MOTION TO (1) APPROVE DISTRIBUTION TO HOLDERS OF ALLOWED UNSECURED CLAIMS
AND (2) REQUEST FEES AND COSTS: CASE NO. 8:16-BK-10424-SC

interests of the estate, *In re Best Prods. Co.*, 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994). Rule 9019(a) submits the approval or rejection of such distribution to the sound discretion of the bankruptcy court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995). While this Motion is technically not a compromise, the Court may nonetheless approve this under Rule 9019 and the Court's post-confirmation jurisdiction under the confirmed Plan.

After completion of the proposed distribution, the Litigation Trustee will determine the additional steps necessary to wind up the Litigation Trust and obtain a Final Decree. Such next steps including filing a final tax return. The Litigation Trust Agreement provides in Section 10.2 that upon "the payment of all costs, expenses, and obligations incurred in connection with administering the [Litigation] Trust, and the Distribution of all Trust Assets in accordance with the provisions of the Plan, the Confirmation Order, and this Agreement, the [Litigation] Trust shall terminate and the Trustee shall have no further responsibility in connection therewith." [Docket No 311 at 21.] Accordingly, the Trustee will take the necessary steps to terminate the Litigation Trust with the payment of all costs, and expenses and obligations.

### III.    REQUEST FOR FEES AND COSTS

The Litigation Trust Agreement at paragraph 9.8 provides:

> "the Trustee shall receive fair and reasonable compensation for its services, which shall be a charge against and paid out of the Trust Assets. Professionals who may be employed by the Trustee in administering the Trust, in carrying out their responsibilities under this Agreement, or in any manner connected, incidental, or related thereto, shall submit a copy of their invoices to the Trustee and the Bankruptcy Court for approval. Provided there is no objection to such professionals' invoices within 14 days of filing, the invoices may be paid by the Trustee. Any dispute regarding professional invoices shall be determined by the Bankruptcy Court."

On June 29, 2018, the Litigation Trustee filed a Notice of Request for Compensation for Litigation Trustee Thomas H. Casey for the Time Period of July 28, 2017 through May 31, 2018 in the amount of $10,178.10 and Counsel for Litigation Trustee, Buchalter for the Time Period of October 2, 2017 through May 31, 2018 in the amount of $9,062.33 [Docket No. 486] ("First Fee Request"). Having received no opposition to the First Fee Request, the fees and expenses requested by the Litigation Trustee and Buchalter were paid.

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**MOTION TO (1) APPROVE DISTRIBUTION TO HOLDERS OF ALLOWED UNSECURED CLAIMS
AND (2) REQUEST FEES AND COSTS: CASE NO. 8:16-BK-10424-SC**

On May 2, 2019, the Litigation Trustee filed a Notice of Request for Compensation for Litigation Trustee Thomas H. Casey for the Time Period of June 1, 2019 through March 31, 2019 in the amount of $5,287.31 and Counsel for Litigation Trustee, Buchalter for the Time Period of June 1, 2019 through March 31, 2019 in the amount of $53,593.00 [Docket No. 685] ("Second Fee Request").  Having received no opposition to the Second Fee Request, the fees and expenses requested by the Litigation Trustee and Buchalter were paid.

Attached to the Casey Declaration as Exhibit 3 and incorporated herein by this reference are the monthly invoices for the Litigation Trustee for the time period of April 1, 2019 through October 31, 2019, in addition to an estimation of fees and costs for the wind-up of the Litigation Trust, and summarized as follows:

| Month and Year | Fees | Costs |
|---|---|---|
| April 2019 | $1098.50 | $0.00 |
| May 2019 | $407.50 | $408.53 |
| June 2019 | $336.00 | $20.50 |
| July 2019 | $185.50 | $0.00 |
| August 2019 | $858.00 | $0.00 |
| September 2019 | $316.50 | $67.60 |
| October 2019 | $429.00 | $0.00 |
| Estimated Remaining Fees and Costs | $1,500.00 | $0.00 |
| Total | $5,131.00 | $496.63 |

Attached to the Casey Declaration as Exhibit 4 and incorporated herein by this reference are the monthly invoices for Buchalter for the time period of April 1, 2019 through November 8, 2019, in addition to an estimation of fees and costs for the wind-up of the Litigation Trust, and summarized as follows:

| Month and Year | Fees | Costs |
|---|---|---|
| April 2019 | $9,977.50 | $279.55 |

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

**MOTION TO (1) APPROVE DISTRIBUTION TO HOLDERS OF ALLOWED UNSECURED CLAIMS
AND (2) REQUEST FEES AND COSTS: CASE NO. 8:16-BK-10424-SC**

| | | |
|---|---|---|
| May 2019 | $1,625.00 | $168.40 |
| June 2019 | $2,047.50 | $118.83 |
| July 2019 | $1,072.50 | $14.18 |
| August 2019 | $0.00 | $6.40 |
| September 2019 | $0.00 | $0.00 |
| October 2019 | $780.00 | $0.00 |
| Estimated Remaining Fees and Costs | $15,000.00 | $0.00 |
| Total | $35,402.50 | $687.36 |

The Litigation Trustee seeks payment of these accrued fees and costs, as well as the estimated fees and costs not to exceed $1,500 for the Litigation Trustee and not to exceed $15,000.00 for Buchalter.

Finally, the Litigation Trustee seeks approval for payment of estimated fees and costs not to exceed $2,500 for the accounting professionals Hahn Fife to assist in the termination of the Litigation Trust, including the filing of a final tax return.

## IV.    CONCLUSION

For the foregoing reasons, this Court should (i) approve the proposed distributions within a range of 2.00% to 2.46% on allowed general unsecured claims and authorize the Litigation Trustee to make those distributions and take all steps necessary to terminate the Litigation Trust; (ii) authorization to pay the accrued and estimated fees and costs to the Litigation Trustee and Buchalter and (iii) provide any further relief the Court deems just and proper in these circumstances.

DATED:  November 6, 2019                BUCHALTER, A Professional Corporation


By:    /s/ Mirco J. Haag
            MIRCO J. HAAG
            Attorneys for Thomas H. Casey, Litigation
            Trustee of the Litigation Trust for California
            Hispanic Commission on Alcohol and Drug
            Abuse, Reorganized Debtor

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
Buchalter, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF THE LITIGATION TRUSTEE TO (1)**
**APPROVE FIRST AND FINAL DISTRIBUTION TO HOLDERS OF ALLOWED UNSECURED CLAIMS AND (2)**
**REQUEST FOR COMPENSATION FOR LITIGATION TRUSTEE THOMAS H. CASEY FOR THE TIME PERIOD OF**
**APRIL 1, 2019 THROUGH OCTOBER 31, 2019, COUNSEL FOR LITIGATION TRUSTEE BUCHALTER FOR THE**
**TIME PERIOD OF APRIL 1, 2019 THROUGH OCTOBER 31, 2019, AND ESTIMATED ACCOUNTANT FEES**

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
November 8, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) November 8, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

Debtor
California Hispanic Commission on
Drug and Alcohol Abuse
1419 21st St
Sacramento, CA 92511

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 8, 2019    , I
served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in
writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a
declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the
document is filed.

VIA OVERNIGHT DELIVERY:
Honorable Scott C. Clarkson
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593                                    ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 8, 2019   Danielle Cyrankowski | /s/ Danielle Cyrankowski |
|---|---|
| *Date*            *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**
BN 38333265v1

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Bert Briones** on behalf of Interested Party Bert Briones helpdesk@redhilllawgroup.com,
bb@redhilllawgroup.com;BrionesBR69043@notify.bestcase.com

**Larry Butler**  on behalf of Creditor American Express Bank FSB   notices@becket-lee.com

**Alberto J Campain**  on behalf of Creditor 2309 Daly Street, Inc.    campain@ecofflaw.com, kay@ecofflaw.com

**Linda F Cantor**  on behalf of Debtor California Hispanic Commission on Drug and Alcohol Abuse    lcantor@pszjlaw.com,
lcantor@pszjlaw.com

**Thomas H Casey**  on behalf of Interested Party Courtesy NEF   kdriggers@tomcaseylaw.com, msilva@tomcaseylaw.com

**Adam C Clanton**  on behalf of Creditor County of Orange   Adam.clanton@coco.ocgov.com,
simon.perng@coco.ocgov.com

**Andy J Epstein** on behalf of Creditor Lisa Gamboa    taxcpaesq@gmail.com

**Oscar Estrada**    oestrada@ttc.lacounty.gov

**Nancy S Goldenberg**    on behalf of Debtor California Hispanic Commission on Drug and Alcohol
Abuse  nancy.goldenberg@usdoj.gov

**James C Harman**  on behalf of Creditor County of Orange   james.harman@coco.ocgov.com,
patti.owens@coco.ocgov.com

**James KT Hunter**  on behalf of Defendant California Hispanic Commission on Alcohol and Drug Abuse, Inc.
jhunter@pszjlaw.com

**Randall P Mroczynski**   on behalf of Creditor Ford Motor Credit Company LLC   randym@cookseylaw.com

**Victoria Newmark**  on behalf of Debtor California Hispanic Commission on Drug and Alcohol
Abuse   vnewmark@pszjlaw.com

**R Gibson Pagter**  on behalf of Creditor Long Term Care Properties, Inc.    gibson@ppilawyers.com,
ecf@ppilawyers.com;pagterrr51779@notify.bestcase.com

**Dean G Rallis** on behalf of Interested Party Dean G. Rallis Jr.   drallis@afrct.com,
msinclair@afrct.com;AFRCTECF@afrct.com;mpham@afrct.com;drallis@ecf.courtdrive.com

**Michael B Reynolds** on behalf of Creditor California Physicians' Service dba Blue Shield of
California   mreynolds@swlaw.com, kcollins@swlaw.com

**Michael R Totaro**  on behalf of Debtor California Hispanic Commission on Drug and Alcohol Abuse   Ocbkatty@aol.com

**United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

**John H Wunsch**  on behalf of Creditor Wells Fargo Bank, National Association   bankruptcycls@wellsfargo.com,
wunschjh@wellsfargo.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
BN 38333265v1                                                                                    **F 9013-3.1.PROOF.SERVICE**